UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TODD MATTOX,

                Plaintiff,                Case No. 12-cv-13762

v                                            Honorable Thomas L. Ludington

ADAM D. EDELMAN and ADRIANNE
M. NEFF,

                Defendants.

_____/

ORDER DENYING MOTION FOR REHEARING

On July 30, 2013, the Court issued an order adopting Magistrate Judge Komives's report and recommendation and granting Defendant Neff's motion to dismiss. ECF No. 27. On August 15, 2013, Plaintiff timely filed a motion for rehearing. ECF No. 33. Eastern District of Michigan Local Rule 7.1(h) permits any party to move for rehearing or reconsideration of the Court's conclusions within fourteen days of the entry of the order, plus three days for mailing. E.D. Mich. L.R. 7.1(h)(1). The Court does not permit a responsive pleading or hold hearings on motions for rehearing. *Id.* 7.1(h)(2).

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*Id.* "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Scozzari v. City of Clare*, 723 F. Supp. 2d 974, 981-82 (E.D. Mich. 2010) (citation and quotation marks omitted). Furthermore, failure to address an issue constitutes a waiver or abandonment of

the argument. *Sault St. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Motions for rehearing or reconsideration "are aimed at *re* consideration, not initial consideration." *Id.*; *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("We have found issues to be waived when they are raised for the first time in motions for reconsideration.").

Here, Plaintiff's motion for rehearing presents nothing new. Plaintiff's allegation that Defendant was deliberately indifferent to his serious medical need in violation of his Eighth Amendment rights has been previously considered and rejected. Plaintiff argues that the Court "overlooked or misapprehended the facts" in this case, but does not present any additional factual information. Pl.'s Mot. for Reh'g 1. Instead, he simply disagrees with the outcome of the previous order and reasserts facts that are contained in his complaint. Plaintiff admits that he received medical treatment on the night at issue, but argues that the treatment was inadequate. Pl.'s Mot. 2. Plaintiff has not alleged any new facts that plausibly suggest that he had a serious medical need on the night of August 14 that Defendant Neff was deliberately indifferent to.

Plaintiff's motion for rehearing restates his argument that has already been provided to and considered by the Court. The motion does not, however, "demonstrate a palpable defect by which the court and the parties [were] misled" and consequently must be denied. E.D. Mich. L.R. 7.1(g).

Accordingly, it is **ORDERED** that the motion for rehearing (ECF No. 33) is **DENIED**.

                                           s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge

Dated: October 4, 2013

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Todd Mattox #186106, Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036  by first class U.S. mail on October 4, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS