UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD MATTOX (#186106),

                        Plaintiff,

v.

ADAM D. EDELMAN and
ADRIANNE M. NEFF,

                        Defendants,
_____/

CASE NO. 1:12-CV-13762
JUDGE LAURIE J. MICHELSON
MAGISTRATE JUDGE PAUL J. KOMIVES

**ORDER DENYING AS MOOT PLAINTIFF'S AUGUST 30, 2013 MOTION REQUESTING LEAVE TO AMEND (Doc. Ent. 34) & DIRECTING THE CLERK OF THE COURT TO STRIKE PLAINTIFF'S AUGUST 30, 2013 FIRST AMENDED COMPLAINT (Doc. Ent. 35)**

**A.    Plaintiff's original August 24, 2012 complaint was filed against Edelman and Neff.**

Todd Mattox (#186106) is currently incarcerated at the Michigan Department of Corrections (MDOC) West Shoreline Correctional Facility (MTF) in Muskegon Heights, Michigan. *See* Doc. Entries 59 and 60. On August 24, 2012, while incarcerated at Lakeland Correctional Facility (LCF), Mattox filed the instant fee-paid case pro se against Adam D. Edelman and Adrianne M. Neff. Doc. Ent. 1 at 1, Doc. Ent. 1 at 5-6 ¶¶ 2-3.[1]

**B.    Currently, the only remaining defendant is Edelman.**

On October 5, 2012, defendant Neff filed a motion to dismiss. Doc. Ent. 7. On June 24, 2013, I entered a report (Doc. Ent. 27) recommending that the Court grant defendant Neff's motion to dismiss (Doc. Ent. 7). On July 30, 2013, Judge Ludington entered an opinion and

---

[1]Although this case was originally assigned to Judge Thomas L. Ludington, it has since been reassigned to Judge Laurie J. Michelson. Doc. Ent. 61 (May 6, 2014 Notice of Reassignment).

order (Doc. Ent. 32) overruling objections (Doc. Entries 30 & 31), adopting my report and recommendation (Doc. Ent. 27), and granting defendant Neff's motion to dismiss (Doc. Ent. 7). Among other things, Judge Ludington stated:

> To summarize, Plaintiff is complaining that Ms. Neff violated the Eight Amendment by declining to send Plaintiff to the hospital for a test that would reveal that he did not have a serious medical condition. The Eighth Amendment prohibits deliberate indifference. It does not prohibit declining to order unnecessary tests. Ms. Neff's motion to dismiss will be granted.

Doc. Ent. 32 at 6. As a result, Neff was terminated as a defendant.

On August 15, 2013, plaintiff requested a rehearing (Doc. Ent. 33); however, Judge Ludington denied this request on October 4, 2013 (Doc. Ent. 42). Among other things, the Court observed, "Plaintiff has not alleged any new facts that plausibly suggest that he had a serious medical need on the night of August 14 that Defendant Neff was deliberately indifferent to." Doc. Ent. 42 at 2.

**C.     There are three (3) pending motions.**

**1.**     Currently before the Court is plaintiff's August 30, 2013 motion (Doc. Ent. 34) requesting leave to amend his original complaint (Doc. Ent. 1) to add new defendants and new claims. Along with this motion, plaintiff filed a first amended complaint (Doc. Ent. 35), wherein he names three defendants: Adam D. Edelman, Adrianne M. Neff and Haresh Pandya. Doc. Ent. 35 ¶¶ 2-4.

Defendants Edelman and Neff filed a response on September 10, 2013, whereby they "object to the motion to amend as to defendant Neff[.]" Doc. Ent. 36 at 4-5. On September 23, 2013, plaintiff filed a reply. Doc. Ent. 40.

**2.** Also before the Court is plaintiff's September 13, 2013 motion (Doc. Ent. 37) for leave to correct his first amended complaint (Doc. Ent. 35). Along with this motion, plaintiff filed a corrected first amended complaint (Doc. Ent. 38), wherein he names three defendants: Adam D. Edelman, Adrianne M. Neff and Haresh Pandya. Doc. Ent. 38 ¶ 2. On September 24, 2013, Edelman and Neff filed a response. Doc. Ent. 41.

**3.** On October 31, 2013, Edelman filed a motion for summary judgment (Doc. Ent. 44). On July 2, 2014, I entered a report (Doc. Ent. 62) recommending that the Court grant defendant Edelman's dispositive motion (Doc. Ent. 44).

**D.**  **Plaintiff's August 30, 2013 motion to amend (Doc. Ent. 34) and related proposed amended complaint (Doc. Ent. 35) were superceded by his September 13, 2013 motion to amend (Doc. Ent. 37) and related proposed amended complaint (Doc. Ent. 38).**

By his August 30, 2013 motion, plaintiff "seeks leave to amend his complaint to add new defendants and new claims[.]" Doc. Ent. 34 ¶ 2. Upon consideration, plaintiff's August 30, 2013 motion to amend (Doc. Ent. 34) is denied.

First, plaintiff's intent with respect to dismissed defendant Neff is unclear. For example, the August 30, 2013 proposed amended complaint names Neff as a defendant (*see* Doc. Ent. 35 at 2-3 ¶ 3), even though this Court's July 30, 2013 order specifically concluded that "Ms. Neff is entitled to have the claim against her dismissed," Doc. Ent. 32 at 8. Yet, the proposed complaint also states:

> Defendant Neff[] filed [a] motion to dismiss (ECF No.7) that was [g]ranted the court do[es] not have to address this part of the [a]mended complain[t] about defendant Neff[.]"

Doc. Ent. 35 at 7 n.1. If the Court does not have to address the portion of the proposed amended complaint related to Neff, then plaintiff should submit a proposed amended complaint which

eliminates Neff as a defendant (*i.e.*, not in the caption (*see* Doc. Ent. 35 p. 1), not listed as a party (*see* Doc. Ent. 35 ¶ 3), etc.).

Furthermore, plaintiff's August 30, 2013 motion to amend (Doc. Ent. 34) does not make the case that Neff should be re-added as a defendant. Therein, plaintiff's only specific mention of Neff is that "[o]nly one Defendant[,] Neff[,] had respon[ded] to Plaintiff's complaint with a motion to dismiss [DKT. NO.7] that was granted on July 30, 2013." Doc. Ent. 34 at 2 ¶ 4. This statement, alone, is not enough to convince the Court that the proposed amended complaint (Doc. Ent. 35) cures the defects as to plaintiff's claim(s) against Neff which were discussed in and dismissed by way of Judge Ludington's July 30, 2013 order (Doc. Ent. 32). Nor is it the Court's obligation to peruse the proposed first amended complaint (Doc. Ent. 35) for evidence that plaintiff has cured the ails of his original claim against defendant Neff.[2]

Second, and perhaps more importantly, plaintiff has filed a September 13, 2013 motion (Doc. Ent. 37) for leave to correct his first amended complaint (Doc. Ent. 35), which this Court construes as superceding the August 30, 2013 motion (Doc. Ent. 34) for leave to amend the original complaint (Doc. Ent. 1).[3]

---

[2]The original complaint mentions Neff and/or the events of August 14, 2011 at least in Doc. Ent. 1 ¶ 3, 31, 32, 40 and 102. Plaintiff's proposed amended complaint mentions Neff and/or the events of August 14, 2011 at least in Doc. Ent. 35 ¶¶ 3, 30, 31, 39 and 115.

[3]Thus, it is unnecessary for the Court to consider whether plaintiff's proposed August 30, 2013 claims against Edelman and Pandya (*see* Doc. Ent. 35) would survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss.

**E.     Order**

Accordingly, plaintiff's August 30, 2013 motion to amend (Doc. Ent. 34) is DENIED AS MOOT.  Furthermore, the Clerk of the Court is DIRECTED to strike plaintiff's August 30, 2013 first amended complaint (Doc. Ent. 35) from the record.

Plaintiff's September 13, 2013 motion (Doc. Ent. 37) for leave to correct his first amended complaint (Doc. Ent. 35), as well as the status of plaintiff's corrected first amended complaint (Doc. Ent. 38), will be addressed under separate cover.

**IT IS SO ORDERED.**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of service of a copy of this order within which to file an appeal for consideration by the district judge under 28 U.S.C. § 636(b)(1).

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: July 3, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 3, 2014, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager, in the absence of Michael Williams