UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD MATTOX,

    Plaintiff,

v.

ADAM D. EDELMAN,
ADRIANNE M. NEFF,

    Defendant.

Case No. 12-13762
Honorable Laurie J. Michelson
Magistrate Judge Paul J. Komives

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND [71] AND GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND [73]**

Plaintiff Todd Mattox maintains that a physician assistant at a correctional facility where he resided in 2011, Defendant Adrianne Neff, acted with deliberate indifference to his chest pain. He therefore filed this lawsuit under 42 U.S.C. § 1983 asserting that Neff violated his Eighth Amendment right to be free from "cruel and unusual punishments." Before this case was reassigned to the undersigned, United States District Judge Thomas L. Ludington dismissed Mattox's claims against Neff. Mattox sought reconsideration which Judge Ludington denied. Around the same time, Mattox sought to amend his complaint to, among other things, replead a claim against Neff. Magistrate Judge Paul J. Komives, who has been referred all pretrial matters in this case, recently reviewed the proposed amended complaint and concluded that it fails to state a claim for relief against Neff.

Mattox persists. Now before the Court is Mattox's appeal of Magistrate Judge Komives' order. (Dkt. 71, Pl.'s Objs. to Order.) Upon reviewing Mattox's objections, Magistrate Judge Komives' order, and Mattox's proposed amended complaint, the Court concludes that Magistrate

Judge Komives' decision was neither clearly erroneous nor contrary to law. As such, it is not reversible by this Court.

## I.

Mattox filed this suit in August 2012 against Dr. Adam Edelman and Physician Assistant Adrianne Neff. (*See generally* Dkt. 1, Compl.) Mattox's claim against Neff stemmed from her decision on August 14, 2011, to return him to his housing unit instead of sending him to the hospital on a night when he was experiencing chest pains. (*See* Compl. ¶¶ 27–33, 102.)

In October 2012, Neff sought dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 7.) In June 2013, Magistrate Judge Komives issued a report and recommendation recommending Neff's dismissal (Dkt. 27), and in July 2013, Judge Ludington adopted the report and recommendation and dismissed Mattox's claims against Neff. (Dkt 32.)

Shortly thereafter, Mattox sought leave to amend his Complaint (Dkt. 34) and filed on the docket a proposed amended complaint (Dkt. 35). In September 2013, Mattox sought leave to correct his proposed amended complaint. (Dkt. 37.) Mattox also filed a corrected proposed amended complaint on the docket. (Dkt. 38.)[1]

On August 6, 2014, Magistrate Judge Komives denied Mattox's motion to amend (i.e., correct) the proposed amended complaint (Dkt. 37) and struck the accompanying corrected proposed amended complaint from the docket (Dkt. 38). (Dkt. 65, Aug. 6, 2014 Order.) He found (1) that Mattox's proposed claims against Neff failed to state a claim for relief, (2) that the proposed claims against Dr. Edelman would be better assessed after this Court rules on Mattox's objections to his recommendation to grant Dr. Edelman's summary-judgment motion, and (3)

---

[1] On July 3, 2014, the magistrate judge denied as moot Mattox's first motion to amend (Dkt. 34) and struck the corresponding proposed amended complaint that Mattox had filed on the docket (Dkt. 35). (Dkt. 63, July 3, 2014 Order.) Mattox does not appeal that order.

that Mattox's allegations against Dr. Haresh Pandya (who Mattox seeks to add to this suit) arguably state claims upon which relief may be granted. (Dkt. 65, Aug. 6, 2014 Order.) The magistrate judge ordered as follows:

> Accordingly, plaintiff's September 13, 2013 motion for leave to correct (Doc. Ent. 37) is DENIED WITHOUT PREJUDICE to plaintiff's right to renew his request in accordance with E.D. Mich. LR 15.1 and by attaching a proposed amended complaint *which names any defendants against whom claims which satisfy Fed. R. Civ. P. 12(b)(6) are pled*. Plaintiff should withhold filing any such Fed. R. Civ. P. 15 motion until the Court renders its decision on defendant Edelman's pending October 31, 2013 motion for summary judgment (Doc. Ent. 44).
>
> Additionally, the Clerk of the Court is DIRECTED to strike plaintiff's September 13, 2013 corrected first amended complaint (Doc. Ent. 38) from the record.

(Aug. 6, 2014 Order at 17 (emphasis added).) Regarding Neff, Magistrate Judge Komives found, "The proposed claim against Neff of Corizon Health, Inc., fails to state a claim upon which relief may be granted." (Aug. 6, 2014 Order at 6 (footnote omitted).)

Mattox has objected to this order. (Dkt. 71.)

**II.**

Where, as here, the magistrate judge "hear[d] and determine[d]" a preliminary, non-dispositive matter, this Court will not disturb the magistrate judge's decision unless it is shown to have been "clearly erroneous or contrary to law," 28 U.S.C. § 636(b)(1)(A). *See United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) ("[A] district court shall apply a 'clearly erroneous or contrary to law' standard of review for the 'nondispositive' preliminary measures of § 636(b)(1)(A)."). The "clearly erroneous" standard applies to the magistrate judge's findings of fact, whereas the "contrary to law" standard applies to the magistrate judge's legal conclusions. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (citing *Fogel v. Chestnutt*, 668 F.2d 100, 116 (2d Cir. 1981) and *Jernryd v. Nilsson*, 117 F.R.D. 416, 417 (N.D. Ill. 1987)); *see also*

*Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("Under (b)(1)(A), the standard of review is circumscribed: The district court is bound by the clearly erroneous rule in findings of facts; the phrase 'contrary to law' indicates plenary review as to matters of law.").

A factual finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

A legal conclusion is contrary to law if it "contradict[s] or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Lafountain v. Martin*, No. 1:07-CV-76, 2010 WL 748215, at *1 (W.D. Mich. Mar. 1, 2010) (citing *Gandee*, 785 F. Supp. at 686); *see also Ford Motor Co. v. United States*, No. 08-12960, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009) ("An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure" (internal quotation mark omitted)).

### III.

Mattox objects to only one part of the magistrate judge's order denying his motion for leave to amend: he argues that, contrary to Magistrate Judge Komives' decision, he has pled a plausible claim for relief against Neff. (*See generally* Pl.'s Objs. to Aug. 6, 2014 Order.) This Court does not find that the magistrate judge misapplied the Rule 12(b)(6) standard or the deliberate indifference standard in concluding that Mattox's proposed claim against Neff is futile. Magistrate Judge Komives' order will thus not be disturbed by this Court.

In Mattox's original Complaint, he alleged that on the night of August 14, 2011, he experienced "symptoms of pain in his chest, [the] left side of [his] neck, shoulders and arms," along with shortness of breath and dizziness. (Dkt. 1, Compl. ¶ 27.) He asserted that he saw a

4

nurse at his correctional facility and told her that his nitroglycerine tablets were not working. (Compl. ¶ 29.) Mattox explained that the nurse completed an electrocardiogram ("EKG") and then notified the emergency room and requested that "an ambulance be made available to take Mattox" to the emergency room. (Compl. ¶ 30.) "At 2350 Hrs (11:50pm) [the nurse] then called offsite duty Physician Assistance Neff at her home, and she faxed a copy of the EKG results to her. Also, she read to the Physician Assistant information from Mattox's medical file about the stress test done on July 26, 2011 and the previous trip to the hospital." (Compl. ¶ 31.)[2] He asserted that Neff "returned the call and instructed [the nurse] to send Mattox back to his housing unit." (Compl. ¶ 32.) Mattox further pled that, the next morning, he saw Dr. Karen Rhodes who stated, "no change in EKG from last night, and no more nitro SL due to low blood pressure." (Comp. ¶ 37.) According to Mattox, Dr. Karen Rhodes called an ambulance to take Mattox to the emergency room. (Compl. ¶ 36.)

Both Magistrate Judge Komives and Judge Ludington reviewed these allegations and concluded that they did not state a plausible claim for relief. Judge Ludington explained, in part,

> Here, Plaintiff indisputably received treatment on the night at issue (an EKG test and nitroglycerin pills). He simply disputes its adequacy, asserting that he could have received better care (i.e., better drugs) at the hospital.
>
> Incorrect about both the facts alleged in the complaint and the law that applies to those allegations, his objection [to Magistrate Judge Komives' recommendation to dismiss Neff] will be overruled.

(July 30, 2013 Op. & Order at 8.)

After Judge Ludington ruled, Mattox moved for rehearing. In that motion, Mattox added that the results of the EKG on the night that Neff was phoned demonstrated an abnormality, a left

---

[2] Mattox pled that the stress test was abnormal and suggested "possible ischemia in the basal inferior wall" and that, at the hospital, it was "strongly recommended to have the cardiac cath[eteri]zation . . . as [Mattox] [was] at risk of sudden heart attack and sudden death." (Compl. ¶¶ 13–22.)

5

axis deviation. (*Compare* Dkt. 33, Pl.'s Mot. for Reh'g at 2, *with* Dkt. 32, July 30, 2014 Order at 3 ("The complaint does not disclose what the EKG results were").) Mattox also argued that Neff knew this fact, that the EKG results were the same the following morning, and that morning, Dr. Rhodes, unlike Neff, sent him to the hospital. (Pl.'s Mot. for Reh'g at 2–3.) Mattox's motion for rehearing stressed that Neff knew he was experiencing chest pain the night that she returned him to his cell. (*Id.* at 4.)

Judge Ludington considered Mattox's motion and, therefore, these allegations. He noted, "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." (Dkt. 42, Oct. 4, 2013 Order on Pl.'s Mot. for Reh'g. at 1 (quoting E.D. Mich. L.R. 7.1(h)(3)).) His assessment: "Plaintiff's motion for rehearing presents nothing new." Judge Ludington further explained:

> Plaintiff's allegation that Defendant was deliberately indifferent to his serious medical need in violation of his Eighth Amendment rights has been previously considered and rejected. Plaintiff argues that the Court "overlooked or misapprehended the facts" in this case, but does not present any additional factual information. Pl.'s Mot. for Reh'g 1. Instead, he simply disagrees with the outcome of the previous order and reasserts facts that are contained in his complaint. Plaintiff admits that he received medical treatment on the night at issue, but argues that the treatment was inadequate. Pl.'s Mot. 2. Plaintiff has not alleged any new facts that plausibly suggest that he had a serious medical need on the night of August 14 that Defendant Neff was deliberately indifferent to.

(*Id.* at 2.)

Regarding the motion now under consideration, Mattox's motion for leave to file a corrected proposed amended complaint, Magistrate Judge Komives relied on his prior report and recommendation and Judge Ludington's adoption of that report. The magistrate judge explained, in part:

> Nor, to the extent plaintiff's July 25, 2013 objections insinuated that he would have received other medication(s) if he had been transported to the hospital[,] . . . do plaintiff's proposed . . . claims overcome [Judge Ludington's] July 30, 2013

6

> observation that "[h]ere, Plaintiff indisputably received treatment on the night at issue (an EKG test and nitroglycerin pills). He simply disputes its adequacy, asserting that he could have received better care (i.e., better drugs) at the hospital." Here too, plaintiff's . . . proposed claims against Neff constitute a challenge to the adequacy of medical treatment (Doc. Ent. 38 ¶ 51) or a disagreement with Neff's decision or course of treatment (Doc. Ent. 38 ¶ 52). As this Court recognized on July 30, 2013, "[w]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment[,]" *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (collecting cases). Doc. Ent. 32 at 8

(Aug. 6, 2014 Order at 11.)

In short, Mattox's allegations against Neff have already been found wanting by two judges. Judge Ludington considered the same allegations that Mattox sets forth in his corrected proposed amended complaint (albeit under the motion for reconsideration standard) and did not believe that a rehearing was warranted; to the contrary, he ruled that Mattox "ha[d] not alleged any new facts that plausibly suggest that he had a serious medical need on the night of August 14 that Defendant Neff was deliberately indifferent to." (Dkt. 42, Oct. 4, 2013 Order at 2.) As far as the Court can tell, Mattox's corrected proposed amended complaint does not set forth factual matter not considered by Judge Ludington that would undermine his ruling. Further, Magistrate Judge Komives has concluded that the corrected proposed amended complaint does not set forth a plausible claim against Neff.

The Court agrees with Judges Ludington and Komives. To be sure, only Neff knows for certain what she was thinking when she sent Mattox back to his cell on the night of August 14, 2011. But Mattox's allegations make plain that a nurse who had observed Mattox conveyed significant medical information about Mattox's health and the nurse was undoubtedly seeking Neff's medical judgment as to whether to send Mattox to the hospital. Without more from Mattox, the Court cannot plausibly infer that Neff simply disregarded the information she was provided and returned Mattox to his cell ignoring a serious risk to his health. The fact that Neff's

7

decision might have been careless, erroneous, or medical malpractice does not mean she violated Mattox's Eighth Amendment rights. *See Farmer v. Brennan*, 511 U.S. 825, 844 (1994) (providing that a prison official charged with deliberate indifference could avoid liability, even if he was aware of facts indicating a substantial danger to the inmate, if the official "believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent"); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). At a minimum, the Court cannot say that Magistrate Judge Komives misapplied Rule 12(b)(6) or Eighth Amendment jurisprudence in denying Mattox's motion for leave to amend.

### IV.

The Court will briefly address a related matter. On September 11, 2014, before Defendants even had an opportunity to respond to Mattox's objections to Magistrate Judge Komives' order denying Mattox's motion to file a corrected proposed amended complaint, Mattox filed another motion for leave to amend and another proposed amended complaint (the "September 11, 2014 Motion to Amend"). (Dkt 73, Sept. 11, 2014 Mot. to Amend; *see also* Dkt. 74, Proposed Am. Compl.) In so doing, Mattox failed to heed Magistrate Judge Komives' direction: "Plaintiff should withhold filing any such Fed. R. Civ. P. 15 motion until the Court renders its decision on defendant Edelman's pending October 31, 2013 motion for summary judgment (Doc. Ent. 44)." (Aug. 6, 2014 Order at 17.) This Court does not take lightly Mattox's failure to follow the suggestion of the Magistrate Judge.

Nonetheless, in his order, Magistrate Judge Komives explained that the allegations in Mattox's corrected proposed amended complaint (Dkt. 38) stated a plausible claim against Dr. Haresh Pandya:

8

> Upon consideration, to the extent plaintiff claims that Pandya knew his September 15, 2011 prescription of Isosorbide Dinitrate to be inadequate or that Pandya's October 12, 2011 denial of the prescription for Ranexa® left plaintiff with a medicinally inadequate treatment plan, plaintiff has arguably stated claims of deliberate indifference to a serious medical need upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To be clear, this order does not address whether such claims would survive summary judgment. It only concludes that plaintiff may amend his complaint to bring such claims against Pandya. Once Pandya is served with any such amended complaint, Pandya will be permitted to engage in dispositive motion practice.

(Aug. 6, 2014 Order at 16.) Because Magistrate Judge Komives has already indicated that Mattox has pled a claim against Dr. Pandya, and because the September 11, 2014 Motion to Amend seeks to add Dr. Pandya, the Court will GRANT that motion to that extent.

The Court makes explicit the scope of this ruling. The Court makes no finding on whether Mattox has pled viable claims against any of the other new proposed defendants (Corizon Health, Inc., Prison Health Services, Dr. Kenneth Jordan, Dr. William Borgerding, and physician assistant Margaret A. Ouellette). Further, the Court's partial grant of Mattox's September 11, 2014 Motion to Amend is without prejudice to Dr. Pandya's right to file a motion to dismiss or other dispositive motion. Notably, counsel for Dr. Edelman and Neff provide that Dr. Pandya is not, unlike Dr. Edelman and Neff, an employee of Corizon. (*See* Aug. 6, 2014 Order ("[I]t appears that Haresh B. Pandya, M.D., is an MDOC employee.").) As such, counsel for Dr. Edelman and Neff may have had limited interest in challenging Mattox's right to amend to add allegations against Dr. Pandya. As for the allegations in the September 11, 2014 proposed amended complaint against Dr. Edelman, the Court has addressed those allegations in ruling on Dr. Edelman's motion for summary judgment.

**V.**

Mattox's "Motion to Appeal to the District Judge the Magistrate's Order of August 6, 2014, Denying Without Prejudice Plaintiff's Motion for Leave to Correct and to First Amend his

Complaint" (Dkt. 71) is DENIED and his objections in that motion are OVERRULED. Mattox's "Motion for Leave to [File] First Amended Complaint with a Jury Demand" (Dkt. 73) is GRANTED IN PART. In particular, it is granted as to claims against Dr. Pandya. The motion remains pending before Magistrate Judge Komives as to Mattox's claims against Corizon Health, Prison Health Services, Dr. Jordan, Dr. Borgerding, and Ouellette.

SO ORDERED.

        s/Laurie J. Michelson
        LAURIE J. MICHELSON
        UNITED STATES DISTRICT JUDGE

Dated:  September 29, 2014

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 29, 2014.

        s/Jane Johnson
        Case Manager to
        Honorable Laurie J. Michelson