UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

TODD MATTOX,

        Plaintiff,        Civil Action No.: 12-13762
                                    Honorable Laurie J. Michelson
v.                                     Magistrate Judge Elizabeth A. Stafford

ADAM EDELMAN and
ADRIANNE NEFF,

        Defendant.
_____/

**ORDER ON PLAINTIFF'S MOTIONS TO AMEND COMPLAINT [73, 95], APPOINT COUNSEL [83], AND AMEND/CORRECT IFP APPLICATION [93], AND DEFENDANT HANRESH PANDYA'S MOTION TO EXTEND [99]**

Todd Mattox, a *pro se* plaintiff prisoner, brought this action pursuant to 18 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment.  On January 21, 2015, the Honorable Laurie J. Michelson referred the case to the undersigned to resolve all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). For the reasons discussed below, the Court **ORDERS** that:

1. Mattox's Motion For Leave To File Amended Complaint [73] is **GRANTED IN PART AND DENIED IN PART;**

2. Mattox's Motion For Appointment Of Counsel [83] is **DENIED WITHOUT PREJUDICE;**

3. Mattox's Motion to Amend Application to Proceed In Forma Pauperis ("IFP") [93] is **DENIED AS MOOT**;

4. Mattox's Motion for Leave to File Second Amended Complaint [95] is **DENIED**; and

5. Defendant Hanresh Pandya's Motion to Extend Time in Which To File Responsive Pleadings [99] is **GRANTED**.

**I.   BACKGROUND**

Mattox's original complaint against Adam Edelman and Adrianne Neff pertained to his treatment for a heart condition during the period between July 2011 and April 2012. [1]. An order granting Neff's motion to dismiss was issued in July 2013, and an order granting Edelman's motion for summary judgment was issued in September 2014. [32, 77].

In the interim, in August and September 2013, Mattox sought to amend his complaint to replead claims against Neff and Edelman and add as defendants Pandya (an employee of the Michigan Department of Corrections ("MDOC")), and Corizon Health, Inc. [34, 37]. Magistrate Judge Komives denied both motions, but without prejudice as to Pandya and Corizon. [63, 65].

In September 2014, Mattox again moved to amend his complaint to include claims against Pandya, Corizon, Prison Health Services ("PHS"), Dr. Kenneth Jordan, Dr. William Borgerding, and physician assistant ("PA") Margaret Ouelette from September of 2011 until April of 2014. [73]. Judge

Michelson granted Mattox leave to amend his complaint with respect to Pandya and referred to this Court the question of whether the other proposed defendants should be permitted. [77]. On January 9, 2015, before this Court ruled on the other proposed defendants, Mattox filed a second motion to amend his complaint that makes allegations against only the previously dismissed Neff. [95].

## II. ANALYSIS

### A. Motions to Amend

Mattox's two pending motions to amend are completely different with respect to the alleged deliberately indifferent conduct, the defendants charged and the time periods during which the alleged deliberatively indifferent conduct took place. The Court infers that Mattox wishes to proceed on all of the claims set forth in the two proposed amended complaints.[1] However, because the Court will deny Mattox's second motion to amend, coordination of claims in the two proposed complaints will

---

[1] At first blush, it may appear that Mattox has violated Local Rule 15.1, which states, "Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." However, that rule is not implicated because the Court construes Mattox's first motion as one to supplement his complaint. *See Lee v. Birkett*, No. 09-10723, 2009 WL 3465210, at *1 (E.D. Mich. Oct. 23, 2009) (construing motions to amend that cover matters occurring after the original complaint was filed as motions to supplement, and finding that Rule 15.1 does not cover motions to supplement).

3

not be necessary.  Below, the Court will begin by disposing of Mattox's second motion to amend.

### 1. Second Motion to Amend

Mattox's second motion to amend seeks to replead claims against Neff, who was previously dismissed and against whom Mattox's prior attempts at repleading have failed.  [27, 32, 42, 63, 65, 78].  Mattox contends that new evidence shows that Neff disregarded an August 2, 2011 discharge summary signed by Dr. Alexis indicating that Mattox should report immediately to an emergency room if there was a recurrence of chest pain.  [95, Pg. ID 1956; 100, Pg ID 2031-32].  But that allegation was set forth in the initial complaint [1, Pg. ID 8-9 at ¶¶ 22 & 27-32], and three judges have already thoroughly analyzed and rejected Mattox's argument that the allegations against Neff amount to deliberate indifference.  [27, Pg. ID 117-18, 123-26; 32, Pg. ID 162-64; 42, Pg. ID 288; 65, Pg. ID 1514-15; 78, Pg. ID 1860-63].  Nothing would be gained by repeating the analysis once again.

Mattox's second motion to amend his complaint [93] is denied, and any future motion to amend that includes the same or substantially similar allegations against Neff will be stricken without further notice.

### 2. First Motion to Amend

Mattox's first motion to amend his complaint adds allegations that pertain to events that occurred after his original complaint was filed. Under these circumstances, the Court will construe the motion as one to supplement his complaint pursuant to Federal Rule of Civil Procedure 15(d). That rule allows that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." *Id.* Since Mattox is further seeking to add new defendants, the Court must also consider Federal Rule of Civil Procedure 20(a)(2), which states that parties may be joined as defendants to a pending action if the relief asserted against them arises "out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."

Mattox alleges that, during a time period since he filed his initial complaint, Defendants have continued to deny him Ranexa, a medication that had proven to relieve his cardiac symptoms. He states that Dr. Jordan refused to prescribe Ranexa in March 2013 even though a hospital discharge order on March 7, 2013 recommended that he be prescribed Ranexa. Mattox additionally alleges that Jordan had prescribed Imdur for him in January 2013, and knew that medication was ineffective and caused

severe side effects, including dizziness. [74, Pg. ID 1687-88].

According to Mattox, he was admitted to the hospital twice in June with chest pains. At a June 13, 2013 follow-up appointment, PA Ouellette told Mattox that she knew that he could not tolerate Imdur. Ouellette placed a request for Ranexa, reasoning that Mattox's chest pain was not controlled by Imdur and that Mattox had gained weight due to his inability to walk extensively. Pandya approved the request for Ranexa for a six-month period, during which Mattox did not experience chest pain or adverse effects. [*Id.* at Pg ID 1688-89].

Mattox began experiencing chest pain and other adverse effects again while awaiting re-approval of Ranexa in January 2014. At a healthcare appointment on January 30, Ouellette informed Mattox that Borgerding had denied the request to renew Mattox's Ranexa prescription because the drug was too costly and was not on Corizon's approved formulary medication list. [*Id.* at 1689-90]. Mattox alleges that Ouellette told him she would not file an appeal because there was nothing she could do; Borgerding was her boss and had to approve the Ranexa. At Borgerding's direction, Ouellette put Mattox back on Imdur and she advised Mattox to "adapt himself to the side effects." [74, Pg. ID 1691].

Mattox was hospitalized again on February 25, 2014. He states that

Ouellette agreed talk to Borgerding about Mattox's chronic and reoccurring severe chest pain and related symptoms, but that Ouellettee and Borgerding prescribed an increased dose of Imdur despite his prior adverse reactions. [74, Pg ID 1691-92]. Mattox states that, after he was hospitalized on March 22, 2014 with severe chest pain, Dr. Sidur immediately issued a stop order regarding the Imdur and resubmitted a request for approval of Ranexa. However, Borgerding denied the request, citing the normal results of Mattox's 2012 cardiac catheterization. [74, Pg ID 1692-93, 1764, 1776-79].

Mattox claims that the denial of Ranexa was the result of a custom and policy of Corizon, which was formed in 2011 after a merger of Prison Health Services (PHS) and Correctional Medical Services. He alleges that Corizon and PHS were deliberately indifferent by "foster[ing] an environment in which prisoner health care is sacrificed in order to provide the cheapest medical care possible." [74, Pg ID 1697-98].

These allegations state a plausible claim for relief against Jordan and Borgerding, in the same way that similar allegations against Pandya were found to state a plausible claim for relief. In his order denying a previous motion to amend, Judge Komives found:

> Upon consideration, to the extent plaintiff claims that Pandya
> knew his September 15, 2011 prescription of Isosorbide

7

> Dinitrate to be inadequate or that Pandya's October 12, 2011 denial of the prescription for Ranexa® left plaintiff with a medicinally inadequate treatment plan, plaintiff has arguably stated claims of deliberate indifference to a serious medical need upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

[65, Pg ID 1521]. Based upon this finding, Judge Michelson granted Mattox's first motion to amend with respect to Pandya. [78, Pg ID 1865]. The same reasoning applies equally to Jordan and Borgerding, and the Court finds the allegations against them state a plausible claim of deliberate indifference.

Mattox's claim that Corizon was deliberately indifferent by having a custom or policy that sacrificed prisoner health care in favor of profit also states a plausible claim of deliberate indifference. As a contractor for the MDOC, Corizon acts under color of state law and may properly be sued under § 1983. *Hicks v.* Frey, 992 F.2d 1450, 1458 (6th Cir. 1993). Consequently, Corizon may be sued when the execution of its custom or policy amounts to deliberate indifference to serious medical need. *Garner v. Memphis Police* Dep't, 8 F.3d 358, 364 (6th Cir. 1993). A court in this district found allegations that are substantially similar to Mattox's sufficient to state a claim for deliberate indifference. *See Garrison v. Davis*, No. 06-13258, 2009 U.S. Dist. LEXIS 45317, 2009 WL 1508293, at *2-3 (E.D. Mich. May 29, 2009). This Court agrees.

Since Mattox's claims against Jordan, Borderding and Corizon arise out of the same transaction and series of occurrences as those against Pandya, supplementation of his complaint to add these new defendants is permissible pursuant to Rules 15(d) and 20(a)(2).

Mattox's allegations against Ouellette, on the other hand, do not state a plausible claim for relief. Mattox proposed complaint indicates that Ouellette requested Ranexa on his behalf, but could not prescribe the drug without Borgerding's approval. Mattox's own allegations demonstrate that, although Ouellette prescribed Imdur and increased its dosage, she did so at the instruction of Dr. Borgerding. Those allegations are a far cry from demonstrating that Ouellette was deliberately indifference to Mattox's serious medical needs.

Mattox has also failed to state a claim that the alleged deliberate indifference at issue was due to the execution of PHS's customs or policies; his own claims indicate that PHS has not been a legal entity since 2011. [74, Pg ID 1697].

For these reasons, Mattox's motion to supplement his complaint [73] is granted as to Jordan, Borgerding and Corizon, and denied as to Ouellette and PHS. The Court reiterates, however, that the allowed supplementations are without prejudice to Defendants' rights to file a

9

motion to dismiss or other dispositive motion.

### B. Motion to Amend/Correct IFP Application

Mattox appealed the judgment in favor of Edelman and applied for IFP status. [81, 82]. On December 17, 2014, Mattox sought to amend his IFP application to correct a "clerical error." [93]. Two days later, the Sixth Circuit dismissed Mattox's appeal for lack of jurisdiction, as no final or appealable order had yet been issued. [94]. Therefore, his motion to amend his IFP application [93] is denied as moot.

### B. Motion to Appoint Counsel

Simultaneously with the filing of his IFP application on appeal, Mattox moved for the appointment of counsel. To the extent Mattox was seeking counsel for his appeal, that request is moot for the reasons just cited. To the extent he seeks counsel to prosecute his case in this Court, his request is denied without prejudice.

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Appointment of counsel under § 1915(e)(1) is not a constitutional right in a civil action; a district court is vested with broad discretion to determine whether "exceptional circumstances" warrant such an appointment. *Lavado v. Keohane*, 992 F.2d 601, 604-606 (6th Cir. 1993). In making this

determination, the Court considers the nature of the case, the party's ability to represent himself, the complexity of the legal and factual issues, and whether the claims being presented are frivolous or have a small likelihood of success. *Id.* Appointment of counsel pursuant to § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense." *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007).

Having reviewed Mattox's case filings to date, and considering the relevant factors, the Court finds that he does not show exceptional circumstances meriting the appointment of counsel at this juncture. In support of his request, Mattox cites his lack of legal experience, the large number of defendants (which he asserts creates complex issues of fact and law of which he is incapable of dealing), and the arguable merit of his case, as supported by the Court's granting him leave to amend.

However, the Court finds that the filings to date reveal that Mattox is competent to prosecute his own case and that his case does not involve exceptionally complex issues of fact or law. Additionally, although Mattox has stated plausible claims for relief, his chances of success in this litigation have not yet been tested through a dispositive motion, so the appointment of counsel at this juncture would be premature. For these

reasons, Mattox's motion [83] is denied without prejudice.

### C. Motion to Extend Time to Respond

Finally, defendant Pandya moves this Court for an extension of time to file a responsive pleading to Mattox's amended complaint, citing the large volume of cases to which counsel for Pandya is assigned. The Court finds that good cause exists for granting an extension to Pandya and his motion [99] is granted.

### III. CONCLUSION

For the foregoing reasons, Mattox's motion to amend his complaint **[73]** is **GRANTED IN PART** as to Jordan, Borgerding and Corizon, and **DENIED IN PART** as to Ouellette and Prison Health Services. The Court further **ORDERS** that summons be issued for the new defendants and that they be served with process by the U.S. Marshal Service. Mattox's other motions **[83, 93, 95]** are **DENIED** for the reasons stated above and Pandya's motion to extend time to respond **[99]** is **GRANTED**.

**IT IS SO ORDERED.**

Dated: March 6, 2015　　　　　　　　s/Elizabeth A. Stafford
Detroit, Michigan　　　　　　　　　　ELIZABETH A. STAFFORD
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which

provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 6, 2015.

                              s/Marlena Williams
                              MARLENA WILLIAMS
                              Case Manager