UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

TODD MATTOX,

              Plaintiff,                Civil Action No.: 12-13762

                                     Honorable Laurie J. Michelson

v.                                Magistrate Judge Elizabeth A. Stafford

ADAM EDELMAN and
ADRIANNE NEFF,

              Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS FOR EXTENSION OF TIME [R. 118, 120]

Defendant William Borgerding has filed a motion for summary judgment, and Defendant Corizon Health, Inc. has moved to dismiss. [R. 114; R. 117]. Todd Mattox, a prisoner proceeding *pro se,* moves for an extension of time to respond to both motions, arguing that he has not yet had an opportunity to engage in discovery that he claims is necessary to properly respond. For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** Mattox's motions **[R. 118, 120]**.

Corizon's motion to dismiss is filed pursuant to Federal Rule of Civil Procedure 12(b)(6), and it claims that Mattox failed to exhaust his remedies and to state a plausible claim for relief. No discovery is necessary to respond to these claims. "The very purpose of Fed.R.Civ.P. 12(b)(6) is to

enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) (citation and internal quotation marks omitted).  Furthermore, Mattox does not allege that he needs additional discovery to rebut Corizon's failure-to-exhaust claim, and he attached the relevant grievances to his amended complaint.   [*See* R. 120, PgID 2396-98; R. 74-1, PgID 1786-1821].  Therefore, his motion for an extension of time to respond to Corizon's motion to dismiss for purposes of engaging in discovery is denied.

Borgerding moves for summary judgment under Federal Rule of Civi Procedure 56, claiming that Mattox failed to exhaust his remedies against Borgerding, that no constitutional violation occurred, and that Borgerding is entitled to qualified immunity based on the lack of a cognizable constitutional violation.  While a motion for summary judgment is generally filed after the completion of some discovery, the opposite is true when qualified immunity is invoked. "[U]ntil [the] threshold immunity question is resolved, discovery should not be allowed."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  To the extent that Mattox needs more discovery to address the question of qualified immunity, he must respond to the motion with a Rule 56(d) affidavit that details that need.  *Wallin v. Norman*, 317

F.3d 558, 562-64 (6th Cir. 2003).[1]  Thus, to the extent Mattox's motions for

extension of time are premised upon the need for additional discovery, they

**[R. 118, 120]** are **DENIED IN PART**.

However, given that Mattox also claims a lack of library access and a

learning disability as reasons he requires additional time, the Court finds

that good cause exists under Rule 6(b) to extend his time to respond, and

his motions **[R. 118, 120]** are **GRANTED IN PART** to this extent.  Mattox

will be afforded an extra 30 days to respond to both motions.  Therefore,

Mattox's responses to Corizon's and Borgerding's motions are due **ON OR**

**BEFORE July 14, 2015**.  Defendants' replies are due **ON OR BEFORE**

**July 31, 2015**.

**IT IS SO ORDERED.**

Dated: June 16, 2015　　　　　　　　s/Elizabeth A. Stafford
Detroit, Michigan　　　　　　　　　ELIZABETH A. STAFFORD
　　　　　　　　　　　　　　　　United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which

provides a period of fourteen (14) days from the date of receipt of a copy of

---

[1] Should Mattox file such an affidavit, he must state with "some precision the materials he hopes to obtain with further discovery, and exactly how he expects those materials would help him in opposing summary judgment." *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004) (citations and internal quotation marks omitted).

this order within which to file objections for consideration by the district

judge under 28 U.S. C. §636(b)(1).


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 16, 2015.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
