UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

TODD MATTOX,

|  |  |  |
|---|---|---|
| | Plaintiff, | Civil Action No.: 12-13762 |
| | | Honorable Laurie J. Michelson |
| v. | | Magistrate Judge Elizabeth A. Stafford |

ADAM EDELMAN, et. al.

Defendants.

_____/

### REPORT AND RECOMMENDATION TO GRANT MOTIONS FOR SUMMARY JUDGMENT AND TO DISMISS [R. 102, R. 114, R. 117], TO DISMISS DEFENDANT KENNETH JORDAN SUA SPONTE, TO DENY PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT [R. 141], AND TO DISMISS COMPLAINT WITHOUT PREJUDICE

## I.   INTRODUCTION

Todd Mattox, a *pro se* plaintiff prisoner, brought this action pursuant to 18 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment.[1]  Through a combination of orders, the only remaining claims are that Defendants Dr. Hanresh Pandya, Dr. William Borgerding, Dr. Kenneth Jordan and Corizon Health Inc., denied him the prescription medication Ranexa to treat his cardiac

_____

[1]The Honorable Laurie J. Michelson referred the case to the undersigned to resolve all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). [R. 96].

symptoms, and continued to instead prescribe medication that they knew were ineffective and caused him severe side effects.  [R. 65; R. 77; R. 78; R. 101; R. 110].  Defendants argue that these claims should be dismissed because Mattox failed to exhaust his administrative remedies before filing suit.  The Court agrees and **RECOMMENDS**:

- **GRANTING** Pandya's Motion for Summary Judgment [R. 102];

- **GRANTING** Borgerding's Motion for Summary Judgment [R. 114];

- **GRANTING** Corizon's Motion to Dismiss [R. 117]

- **DISMISSING SUA SPONTE** Mattox's claims against Jordan, who has not been served; and

- **DENYING** Mattox's motion to file a second amended complaint. [R. 141].

## II.    ANALYSIS

### A.

A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust all "available" administrative remedies prior to bringing suit.  42 U.S.C. § 1997e(a).  *See Jones v. Bock*, 549 U.S. 199, 218-20 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v.*

*Churner*, 532 U.S. 731 (2001).  Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court and produces a useful administrative record.  *Jones*, 549 U.S. at 204.

The PLRA requires proper exhaustion, meaning that a prisoner must comply with the applicable grievance system.  *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *Jones*, 549 U.S. at 218.  The content of the grievance must be adequate to give prison officials fair notice of the alleged misconduct or mistreatment about which the prisoner complains. *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006).  "[T]he primary purpose of a grievance is to alert prison officials of a particular problem." *Newson v. Steele*, No. 09-10346, 2010 WL 3123295, at *4 (E.D. Mich. July 1, 2010), *report and recommendation adopted*, 2010 WL 3123288 (E.D. Mich. Aug. 9, 2010).

When feasible, the Court will decide exhaustion disputes before addressing the merits of the claims.[2] *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014). A dismissal for failure to exhaust administrative remedies, even when decided on summary judgment, is without prejudice. *Boyd v. Corr. Corp. of America*, 380 F.3d 989, 994 (6th Cir. 2004).

---

[2] Since the Court here is recommending dismissal for failure to exhaust, it will not address any arguments regarding the merits of Mattox's complaint.

**B.**

The Michigan Department of Corrections ("MDOC") Policy Directive 03.02.130 sets forth a three-step procedure prisoners must follow in order to exhaust grievances. *See* Policy Directive 03.02.130 (effective July 9, 2007).[3] Here, prior to filing this suit in August 2012, Mattox exhausted three grievances against MDOC officials regarding their treatment of his cardiac symptoms. [R. 102-3, PgID 2117-136][4] He submitted grievances on August 3, 2011, August 18, 2011 and on September 18, 2011. [*Id.*, PgID 2120, 2127 and 2133]. The relief Mattox sought through these grievances was to have a cardiac catheterization test or other medical procedure, and that he be taken immediately to an emergency room when he experienced cardiac symptoms. [*Id.*, PgID 2123, 2128 and 2134]. Mattox did not complain in these grievances that he was wrongly being denied Ranexa. In fact, Ranexa was not even recommended by any physician until October 7, 2011, *after* the above grievances were filed. [R. 74, PgID 1685; R. 46-7, PgID 736-737].

---

[3] The Policy Directive is available at: https://www.michigan.gov/documents/corrections/03_02_130_200872_7.pdf

[4] Mattox attached these grievances to his amended complaint. [R. 74-1, PgID 1786-1805].

In his first amended complaint, Mattox alleges that, despite the recommendation from Cathy Glick, M.D., that he be prescribed Ranexa in October 2011, and despite Mattox's poor experience with the other medications that had been prescribed, Dr. Pandya denied him a prescription for Ranexa on October 12, 2011.  [R. 74, PgID 1685]. Mattox's complaints regarding being denied Ranexa against the remaining defendants are likewise subsequent to the filing of the grievances that preceded this action.  Dr. Jordan is alleged to have denied Mattox Ranexa in 2013.  [*Id.*, PgID 1687].  Mattox additionally alleges that, after Dr. Pandya approved Ranexa for him in June 2013, Dr. Borgerding denied renewal of the prescription in early 2014, which Mattox claims was in furtherance of Corizon's policy of cutting costs at the expense of patient care.  [*Id.*, PgID 1690-95].  None of these claims were exhausted before Mattox filed his complaint in August 2012.

### C.

The question thus becomes whether Mattox's exhaustion of grievances regarding the denial of Ranexa prior to filing his first amended complaint saves his claims from dismissal.  On April 4, 2013 and February 4, 2014, Mattox filed grievances stating that Dr. Pandya, Dr. Jordan, Dr. Borgerding, physician assistant (PA) Margaret Ouellette and Corizon

5

disregarded the recommendation from specialists that he be treated with Ranexa, and instead reinstated drugs that were ineffective and caused severe side effects.  [R. 74-1, PgID 1806-1821].  Those grievances were exhausted through Step III prior to Mattox's motion to amend his complaint in September 2014. [*Id.*].  Since the new allegations in the proposed amended pertained to events that took place after the original complaint was filed, the Court treated the motion as one to supplement pursuant to Federal Rule of Civil Procedure 15(d).  [R. 101, PgID 2080].  Unfortunately for Mattox, the Sixth Circuit has held that failure to exhaust cannot be cured by such a supplementation.

In *Cox v. Mayer*, 332 F.3d 422 (6th Cir. 2003), the plaintiff prisoner failed to exhaust his administrative remedies prior to filing suit, but argued that his case should not be dismissed because he had since been released from prison, and thus § 1997e(a) no longer applied.  He reasoned that he could refile if his action were dismissed without prejudice due to failure to exhaust, so dismissal would be a waste of judicial resources.  *Id.* at 425. The court found this argument unavailing because it was contrary to the plain language of § 1997e(a).  "Because (1) plaintiff was a prisoner when he 'brought' his suit, and (2) plaintiff's suit implicates 'prison conditions,' § 1997e(a) applies and plaintiff was required to exhaust any available

6

administrative remedies before he filed suit. He failed to do so, however, and consequently his suit must be dismissed." *Id.* The *Cox* court held that the plaintiff could not "cure" his failure to exhaust by supplementing his pleadings pursuant to Rule 15(d). "This is because a procedural rule 'cannot overrule a substantive requirement or restriction contained in a statute (especially a subsequently enacted one).'" *Id*. at 428 (quoting *Harris v. Garner*, 216 F.3d 970 (11th Cir. 2000)(en banc)).

*Cox* is far from alone in holding that a prisoner cannot supplement a complaint to add claims that were not administratively exhausted when the original complaint was filed. *See, e.g., Utley v. Campbell*, 84 F. App'x 627, 629 (6th Cir. 2003) ("The district court properly noted that Utley had not exhausted his administrative grievances of the claims he sought to add until after this case was filed, and therefore they could not be appended to this litigation."); *Price v. Caruso*, No. 1:07-CV-117, 2007 WL 2914232, at *1 (W.D. Mich. Oct. 3, 2007) (prisoner cannot circumvent exhaustion requirement by filing supplement complaint because Rule 15(d) yields to § 1997e(a) when in conflict); *Riley v. Haney*, No. CIV.A. 5:12-352-JMH, 2013 WL 1755081, at *2 (E.D. Ky. Apr. 23, 2013) ("The Court would deny a motion to amend for the purpose of adding a new claim arising out of Riley's second fall, as administrative remedies must be exhausted

7

completely before suit is filed.").

It should be recognized that some courts hold otherwise, allowing supplemental pleading pursuant to Rule 15(d) for claims that arose after the filing of the original complaint. *Murphy v. Grenier*, No. CIV A 07-CV-15248-DT, 2009 WL 1044832, at *20 (E.D. Mich. Apr. 20, 2009), and *Lee v. Birkett*, No. 09-10723, 2009 WL 3465210, at *1-2 (E.D. Mich. Oct. 23, 2009) *objections overruled*, No. 09-10723, 2009 WL 3806262 (E.D. Mich. Nov. 12, 2009). These courts, which appear to be in the minority, reasoned that § 1997e(a) would effectively repeal Rule 15(d) in prisoner cases, and that repeals by implication are not favored. This Court cannot recommend following *Murphy* and *Lee*, as they are inconsistent with the published *Cox* opinion. *Grundy Mining Co. v. Flynn*, 353 F.3d 467, 479 (6th Cir.2003) (published Sixth Circuit opinions binding).

As this Court must follow *Cox*, it recommends that Mattox's claims be dismissed without prejudice because they were not exhausted prior to him filing suit in August 2012.[5]

---

[5] It should further be noted that Mattox's claims against Dr. Pandya arose in 2011, before he filed his original complaint. Since Pandya's denial of Ranexa to Mattox was not an event that happened after the original complaint was filed, it is not a proper subject for a supplemental pleading. Rule 15(d) (allowing supplementation for an "event that happened after the date of the pleading . . . ."). Thus, the new claims against Pandya could only be considered an amendment under Rule 15(a), and the Court is

**D.**

As noted, Dr. Jordan has not yet been served,[6] so he has not

answered.  Nonetheless, since Mattox is proceeding *in forma pauperis*, his

claims against Dr. Jordan should be dismissed *sua sponte*.  Pursuant to 28

U.S.C. § 1915(e), the Court must dismiss an action if at any time it

determines that the complaint is frivolous, fails to state a claim upon which

relief can be granted or is asserted against an immune defendant.  28

U.S.C. § 1915(e)(2)(B); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Additionally, even though failure to exhaust is an affirmative defense, "a

court can dismiss a case prior to service on defendants for failure to state a

claim, predicated on failure to exhaust, if the complaint itself makes clear

that the prisoner failed to exhaust."  *Carbe v. Lappin*, 492 F.3d 325, 328

(5th Cir. 2007) (citing *Jones*, 127 U.S. at 920-21).

Here, it is obvious on the face of the amended complaint that Mattox

failed to exhaust his claim against Dr. Jordan, because Dr. Jordan's alleged

misconduct took place after the original complaint was filed.  Thus, Mattox's

claim against Dr. Jordan should be dismissed *sua sponte*.

---

unaware of any authority allowing a prisoner to "cure" his failure to exhaust
by amending pursuant to that section of the rule.

[6] The Court will be denying Mattox's pending motion for the U.S. Marshal to
provide service on Dr. Jordan.  [R. 146].

9

**E.**

Also pending before the Court is Mattox's motion to file a second amended complaint to add allegations against PA Ouellette.[7]  [R. 141 & 142].  "'A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'"  *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (quoting *Crawford v. Roane,* 53 F.3d 750, 753 (6th Cir. 1995)).  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Here, Mattox's claim against PA Ouellette are futile.  The Court has already rejected Mattox's claims against Ouellette.  [R. 101, PgID 2084; R. 110, PgID 2197-99].  Further, it is apparent on the fact of the proposed second amended complaint that Mattox failed to exhaust his administrative remedies with respect to his claims against Ouellette prior to the filing of his original complaint.  Mattox's motion to file a second amended complaint

---

[7] A motion to amend is not ordinarily considered dispositive, but denying his motion to amend would be equivalent to dismissing his case since the Court is also recommending the dismissal of Mattox's remaining claims. *See Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 514-15 (6th Cir. 2001) ("In determining whether a particular motion is dispositive, the court undertakes functional analysis of the motion's potential effect on litigation.").  Thus, the Court errs on the side of caution and proceeds by R & R under 28 U.S.C. § 636(b)(1)(B).

should therefore be denied.

## III.   CONCLUSION

For the foregoing reasons, it is recommended that Dr. Pandya's

Motion for Summary Judgment [R. 102] be **GRANTED**; that Dr.

Borgerding's Motion for Summary Judgment [R. 114] be **GRANTED**; that

Corizon's Motion to Dismiss [R. 117] be granted; that Mattox's claims

against Dr. Jordan be **DISMISSED** *SUA SPONTE*; and that Mattox's

motion to file a second amended complaint  [R. 141] be **DENIED**.  Further,

the Court recommends that the **DISMISSAL** of Maddox's complaint be

**WITHOUT PREJUDICE**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: January 12, 2016

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this

Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ.

P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any

further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*,

638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but

fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 12, 2016.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager