UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD MATTOX,

      Plaintiff,

v.

HANRESH PANDYA, M.D.,
DR. KENNETH JORDAN,
DR. WILLIAM C. BORGERDING, and
DR. RICHARD WOREL,

      Defendants.

Case No. 2:12-cv-13762-LJM-EAS
Honorable Laurie J. Michelson

---

**ORDER REGARDING REPORT AND RECOMMENDATION [266],
GRANTING WOREL'S MOTION FOR SUMMARY JUDGMENT [215],
GRANTING IN PART AND DENYING IN PART PANDYA AND BORGERDING'S
MOTION FOR SUMMARY JUDGMENT [224], AND
DENYING JORDAN'S MOTION TO DISMISS [225]**

---

Before the Court is Magistrate Judge Elizabeth A. Stafford's February 20, 2019 Report and Recommendation. (ECF No. 266.) At the conclusion, Magistrate Judge Stafford notified the parties that they were required to file any objections within 14 days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 266, PageID.4487–4488.) Because the Report and Recommendation was mailed to Plaintiff Todd Mattox, he had three more days than Defendants to object. *See* Fed. R. Civ. P. 6. And the 17th day landed on a Saturday (March 9, 2019) so Mattox had until the following Monday (March 11, 2019) to file his objections. But today is March 20, 2019 and no objections from any party have been docketed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC,* No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived review of the Magistrate Judge's Report and accepts her recommended disposition. It follows that this Court GRANTS Richard Worel's motion for summary judgment (ECF No. 215); GRANTS IN PART AND DENIES IN PART William Borgerding and Hanresh Pandya's motion for summary judgment (ECF No. 224); and DENIES Kenneth Jordan's motion to dismiss (ECF No. 225). It follows from this Court's acceptance of the Magistrate Judge's recommendation that Worel and Pandya are DISMISSED.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: March 20, 2019

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 20, 2019.

s/William Barkholz
Case Manager to
Honorable Laurie J. Michelson