UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

TODD MATTOX,

    Plaintiff,                    NO. 2:12-cv-13762

v                                        HON. LAURIE J. MICHELSON

ADAM D. EDELMAN, et al,    MAG. ELIZABETH A. STAFFORD

    Defendants.

| | |
|---|---|
| Alyson Oliver (P55020) | Austin C. Raines (P82583) |
| Attorney for Plaintiff | Keith G. Clark (P56050) |
| Oliver Law Group PC | Assistant Attorney General |
| 1647 W. Big Beaver Road | Attorney for MDOC Defendants |
| Troy, MI 48084 | Michigan Department of Atty General |
| (248) 327-6556 | MDOC Division |
| aoliver@oliverlawgroup.com | P.O. Box 30217 |
| | Lansing, MI 48909 |
| | (517) 335-3055 |
| | rainesa@michigan.gov |
| | clarkk33@michigan.gov |
| | |
| | VANDEVEER GARZIA PC |
| | Donald Brownell (P48848) |
| | Michael R. McCandless (P34949) |
| | Attorneys for Defendant Dr. Jordan |
| | 840 West Long Lake Road, Suite 600 |
| | Troy, MI 48098 |
| | (248) 312-2800 |
| | dbrownell@vgpclaw.com |
| | mmccandless@vgpclaw.com |

                                                      /

## DEFENDANT DR. BORGERDING'S MOTION FOR LEAVE TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT

1

Defendant Dr. William Borgerding, by counsel, requests leave of this Court, in accordance with LR 7.1(b)(2), to file a second motion for summary judgement. This request for leave is based on recently announced Sixth Circuit precedent, *Phillips v. Tangilag, et al.,* 14 F.4th 524 (6th Cir. 2021), that was not available at the time of earlier briefing and which Defendant Borgerding asserts is potentially dispositive of the remaining issue in this case. Counsel for Defendant Borgerding sought concurrence from Plaintiff's attorney via email on November 18, 2021; however, Plaintiff's counsel has not responded to Defendant's request.

          Respectfully submitted,

          Dana Nessel
          Attorney General

          *s/ Austin C. Raines*
          Austin C. Raines
          Assistant Attorney General
          MDOC Division
          P.O. Box 30217
          Lansing, MI  48909
          rainesa@michigan.gov
          (517) 335-3055
          P82583

Date: 11/19/2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

TODD MATTOX,

    Plaintiff,                  NO. 2:12-cv-13762

v                              HON. LAURIE J. MICHELSON

ADAM D. EDELMAN, et al,     MAG. ELIZABETH A. STAFFORD

    Defendants.

| Alyson Oliver (P55020) | Austin C. Raines (P82583) |
|---|---|
| Attorney for Plaintiff | Keith G. Clark (P56050) |
| Oliver Law Group PC | Assistant Attorney General |
| 1647 W. Big Beaver Road | Attorney for MDOC Defendants |
| Troy, MI 48084 | Michigan Department of Atty General |
| (248) 327-6556 | MDOC Division |
| aoliver@oliverlawgroup.com | P.O. Box 30217 |
| | Lansing, MI 48909 |
| | (517) 335-3055 |
| | rainesa@michigan.gov |
| | clarkk33@michigan.gov |
| | |
| | VANDEVEER GARZIA PC |
| | Donald Brownell (P48848) |
| | Michael R. McCandless (P34949) |
| | Attorneys for Defendant Dr. Jordan |
| | 840 West Long Lake Road, Suite 600 |
| | Troy, MI 48098 |
| | (248) 312-2800 |
| | dbrownell@vgpclaw.com |
| | mmccandless@vgpclaw.com |

_____/

**DEFENDANT BORGERDING'S BRIEF IN SUPPORT OF
MOTION FOR LEAVE TO FILE SECOND SUMMARY
JUDGMENT MOTION**

3

Defendant Dr. William Borgerding, by counsel, requests leave of this Court, in accordance with LR 7.1(b)(2), to file a second motion for summary judgement. Allowing Defendant Dr. Borgerding to file a second motion for summary judgement is permissible and, pursuant to Eastern District Local Rules, within the discretion of this Court. Additionally, granting Dr. Borgerding leave to file a second motion for summary judgement is in the best interests of this litigation as it will be the most judicious use of the Court's time to decide this narrow and potentially dispositive issue before holding a jury trial.

On August 20, 2021, the Court held a status conference in this matter. (Minute Entry, Exhibit A.) At this conference, counsel for Plaintiff notified the Court that Plaintiff's previously disclosed expert witness was no longer able to testify in this matter and requested leave to name a new expert witness. (*Id.*) Counsel for the Defendants did not object to Plaintiff's request and the Court gave Plaintiff until September 20, 2021, to disclose the new expert witness. (*Id.*)

Thereafter, on September 7, 2021, Plaintiff filed a motion for extension, seeking an additional 60 days to name a replacement expert

witness, which was not opposed by Defendants. (ECF No. 307, PageID.4757-4764.) On September 9, 2021, the Court extended Plaintiff's deadline to name a replacement expert until October 29, 2021. (ECF No.308, PageID.4771.) On October 20, 2021, Plaintiff's counsel served Defendants' counsel the report of Dr. Christopher Wenger, Plaintiff's new expert witness. (ECF No. 313-1, PageID.4800.) Defendants thereafter requested an extension to file motions in limine due to the late disclosure of Plaintiff's expert witness. (ECF No. 313, PageID.4793-98.) Defendants' motion was granted, with Defendants allowed to file their motions in limine a week following the deposition of Dr. Wenger. (Text Order, Exhibit B.)

Defendants deposed Dr. Wenger on November 11, 2021. (ECF No.320, PageID.4886.) On November 18, 2021, Defendant Borgerding filed his motion in limine to exclude the testimony of Plaintiff's expert witness, Dr. Wenger. (*Id* at 4837-4850.) Plaintiff's remaining claims in this matter are that Doctors Borgerding and Jordan were deliberately indifferent to Plaintiff's serious medical condition, violating Plaintiff's Eighth Amendment rights.

5

Recently, the Sixth Circuit held that in cases of medical deliberate indifference, where the Plaintiff has received some care, the Plaintiff must prove that the doctor's care was grossly inadequate through expert testimony. *Phillips v. Tangilag, et al.,* 14 F.4th 524, 534-35 (6th Cir. 2021). In cases of claimed deliberate indifference, where the Plaintiff has received care, the Plaintiff must "present expert medical evidence describing what a competent doctor would have done and why the chosen course was not just incompetent but grossly so." *Id* at 536. As explained in Defendant Borgerding's motion in limine, Dr. Wenger's report is both deficient under Fed. R. Civ. P. 26(a)(2)(B) and improperly testifies to the ultimate question at issue in the case. (ECF No.320, PageID.4844-49.) Dr. Wenger's report does not, however, opine on what a "competent" doctor should have done, nor does it state why the chosen course of treatment at issue in this case was grossly incompetent. (*Id* at PageID.4853-84.)

Defendant Borgerding previously filed a motion for summary judgement (ECF No.224), which the Court granted in part and denied in part. (ECF No.268). While the prior motion did address the factual merits of this case, the grounds for Defendant Borgerding's proposed

6

second motion for summary judgment, the *Phillips* decision issued in 2021, was not available when the prior motion was filed in 2018. Thus, the merits of dismissing Plaintiff's sole remaining claim due to Plaintiff's inability to present expert testimony, as supported by the *Phillips* decision, has not been ruled on by this Court.

Therefore, Defendant Borgerding respectfully requests leave of the Court to file a second motion for summary judgement.

Respectfully submitted,

Dana Nessel
Attorney General

*/s/ Austin C. Raines*
Austin C. Raines (P82583)
Keith G. Clark (P56060)
Assistant Attorney General
Attorney for Defendants
MDOC Division
P. O. Box 30217
Lansing, MI 48909
517.335.3055
rainesa@michigan.gov
clarkk33@michigan.gov

Dated: November 19, 2021

## PROOF OF SERVICE

On November 19, 2021, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which will provide electronic copies to counsel of record, and I certify that my secretary has mailed by U.S. Postal Service the papers to any non-ECF participant.

*/s/ Austin C. Raines*
Austin C. Raines (P82583)
Assistant Attorney General
Attorney for Defendant

8